## SUTCLIFF v. ISAACS.

There is a class of cases where a Court of Equity will interfere by way of injunction, for the purpose of restraining the commission of irreparable injury to the property of him who has just ground for complaint. But it is not every case which would furnish a right of action against a party for a nuisance, which will justify a Court of Equity in granting an injunction.

To authorize the Court thus to interfere, the injury must be shown to be such, as from its nature is not susceptible of being adequately compensated by damages at law; or by a continuation of the same, a permanent injury would ensue, or occasion a constantly recurring grievance which could only be prevented by an injunction.

Where a Court of Equity sees that the injury might be irreparable, by the loss of health, loss of trade, or a destruction of the means of living, from the erection of a building, its jurisdiction will be exercised for preventing the injury.

If one should build so near the house of another as to darken his windows, against the clear rights of the latter, either established by contract or ancient possession, a Court of Equity will interfere by injunction to prevent the nuisance as well as to remedy it, if already done, even if an action for damages would lie.

It is clear, if one should attempt to construct a party-wall upon the land of another, without first having a survey by a regulator, in pursuance of the Act of Assembly regulating party-walls, a Court of Equity would interfere by way of injunction.

But when a survey has been made in pursuance of the Act of Assembly, with notice to the other party, and no appeal is taken within the period prescribed by law for taking the appeal, and the building has been commenced, the Court will not grant an injunction to restrain the defendant from prosecuting his work. All that he does is in pursuance of legal authority. The regulator in the first instance is empowered to decide upon the rights of the parties.

It is a neglect not to appeal. To authorize a Court of Equity in granting an injunction, it must clearly appear that the injury complained of is illegal, and without the semblance of legal authority. Nor will the Court grant an injunction pending an appeal from the decision of the regulator.

*Aug.* 24. THIS was a bill in equity, filed by Thomas Sutcliff against Aaron Isaacs, setting forth that the plaintiff is seised in fee of a certain lot or piece of ground situate on the east side of

Second street, &c., in the district of the Northern Liberties, in the county of Philadelphia. That the said messuage is of brick, and bounded on the north by a lot of ground with a messuage thereon erected, owned by said Isaacs. The length of the lot was stated in the bill, also that the buildings on the lot of the plaintiff were eighty-five feet in length; that the building in front occupied the whole breadth of said lot for forty feet in depth; that the remaining part of said lot, and the building thereon erected, was about forty-five feet, and but fifteen feet in width. That the remaining part of said lot of ground (viz.) five feet in width, and forty-five feet in length, was reserved, when the said building was erected, for light, air, and other conveniences, and for the free use and enjoyment of said premises; nor could it be used in any other manner, or for other purposes, without serious injury and detriment to the premises.

The bill then averred that the defendant, the owner of the next adjoining lot of ground, has commenced and is now continuing to build upon, and therein is trespassing upon a portion of that part of the complainant's lot of ground which he had reserved for light, air, &c. That said Isaacs is building in rear of his house erected in front on Second street, a messuage sixteen feet in length, and four and a half inches upon the lot of the complainant.

That by such erection, the defendant is depriving him of the free use and enjoyment of his lot and piece of ground which he has reserved for light, air, and other conveniences to the messuage now in his occupation, and that the said messuage so being erected does materially and irreparably injure him, the plaintiff, in the free use and enjoyment of his said messuage and tenement; nor could the injury be redressed otherwise than by the removal of the building which the said defendant is about erecting.

There was then a prayer in the bill that he be restrained by an injunction from the erection of said building, the four and a half inches on the land of the complainant.

Notice was given, and a motion was made for a special injunction to issue for the purpose of preventing the defendant from the prosecution of the work, and the erection of said building.

The defendant appeared by his counsel, and in person filed a special affidavit, and denied that he was building on the land of the complainant to which he had any title against him, the defendant, but admitted that he was erecting a kitchen adjacent to his front dwelling, and alleged that it was now completely built, being roofed in and finished with the shutters, and averred that he had erected

said kitchen according to a survey and regulation, as made by the surveyor of the district, in pursuance of law.

It was admitted, on the hearing of the motion for the injunction, that a front building was first erected on the lot of the defendant, which extended back about forty feet.

That subsequently to this, the house on the lot of the plaintiff was built, and the front part thereof was about the same length, when a recess of five and a half feet upon the dividing line was made, and then the back building was erected. That the defendant, in now erecting his back building, was only extending it on the line with the front building. Also that before he began he called the surveyor of the district, with notice to the plaintiff, who, on the 6th day of July, regulated and established the line where said back building was to be placed by said defendant, and that from his decision there had been no appeal.

The motion was argued by Mr. *Finletter* for the plaintiff, and Mr. *Webster* for the defendant.

The following opinion was delivered by

PARSONS, Judge.—This case comes before the Court on a motion for a special injunction to restrain the defendant from erecting his back building four and a half inches on the land of the complainant, in pursuance of the decision of a surveyor and street regulator, whose duties are pointed out by the Act of Assembly.

In the consideration of this case, various questions arise: and, first, when will a Court of Equity grant an injunction to restrain one from committing an injury on private property, or against a private nuisance?

The rule seems to be this, with regard to private nuisances: that there is a class of cases where a Court of Equity will interfere, by way of injunction, for the purpose of restraining the commission of irreparable injury to the property of him who has just ground for complaint: Coulson *v.* White, 3 Atk. 21; 2 Story's Equity, § 925, p. 204. But it is not every case which would furnish a right of action against a party for a nuisance, which would justify a Court of Equity in granting an injunction to redress the injury or remove the annoyance.

But, to justify the Court in granting an injunction to restrain a party in his acts, the injury must be shown to be such, as from its nature is not susceptible of being adequately compensated by damages at law, or by a continuation of the same, a permanent

injury would ensue, or occasion a constantly recurring grievance, which could only be prevented by an injunction: 2 Story, 204. Or, in the language of Lord Eldon in Attorney-General v. Nichols, 16 Vesey, 342, " The application of a power to prevent, as well as remedy an evil, for which damages more or less would be given in an action at law." Yet it has been said that every common trespass is not the foundation for an injunction; as where it is temporary, or the injury only contingent. Yet it is said in Coulson v. White, 3 Atkyns, 21, " If it is continued so long as to become a nuisance, the Court will interfere and grant an injunction to restrain the person from committing it." Particularly, as I understand the rule, if the injury is irreparable or permanent.

But the mere diminution of the value of property by the nuisance, without irreparable mischief, will not furnish sufficient ground for equitable relief: 16 Vesey, 342; Winstanley v. Lee, 2 Swanst. 336. On the other hand, it is said by the Master of the Rolls in the last case, where a Court of Equity sees that the injury might be irreparable, by the loss of health, loss of trade, or a destruction of the means of living might ensue from erecting a building, its jurisdiction would be exercised for preventing the injury. It would be granted in furtherance of justice and the violated rights of the party : 2 Story, § 926, p. 205. Thus, if a party should build so near the house of another, as to darken his windows, against the clear rights of the latter, either established by contract or by ancient possession, Courts of Equity will interfere by injunction to prevent the nuisance, as well as to remedy it, if already done, although an action for damages would lie at law; and for this reason, in many cases the damages would in no just sense be deemed an adequate relief in the case : Eden on Injunc. 231–32; Buck v. Stacy, 2 Russ. R. 121. And it is said, whoever comes into equity on such a right must found it either on the defendant's building so as to stop ancient lights, or else on some agreement, either proved or reasonably implied; that a diminution in the value of the premises is not a ground; and that the Court will not interpose on every degree of darkening ancient lights : Bathurst v. Burden, 2 Brown's Ch. Rep. 65; Attorney-General v. Dougherty, 2 Vesey, Jr. 453; Cherington v. Abney, 2 Vernon, 646; Corporation of N. York v. Mapes, 6 John. Ch. Rep. 46.

And I think it is clear, if one should attempt in this city to construct a party-wall on the land of another, without first having a survey by a regulator in pursuance of the Act of Assembly regulating party-walls, this Court would interfere by injunction.

. The present case, however, does not come within the rule above stated.   In the present instance, a survey has been regularly made by a proper officer, and no appeal has been made from his decision within the time prescribed by law; and in pursuance thereof, the defendant has gone on and erected his back building, two stories high, before the subject is brought to the attention of the Court. Under such circumstances, will the Court interpose by way of injunction?

This leads us to the consideration of the Act of Assembly regulating party-walls.

The Acts of 1771, in relation to the regulation of streets in the Northern Liberties, 1 Smith, 318, and the Act of the 16th of March, 1819, incorporating said district, have, both in substance and almost in language, adopted the provisions of the Act of the 26th of August, 1721, regulating party-walls in the city of Philadelphia, which are familiarly known to most of our citizens.   The Act of 1721 authorizes the appointment of surveyors or regulators of streets, and empowers them to "enter upon the lands of any person or persons, in order to set out the foundations, and to regulate the walls to be built between party and party, as to the breadth and thickness thereof, which foundations shall be equally laid upon the lands of the persons between whom such party-wall is made, and the first builder shall be paid and reimbursed by the builder on the adjoining lot, one moiety, or half part of the said party-wall, or so much thereof as the builder on the adjoining lot shall have occasion to make use of, before he shall in any wise break into the same," &c.   A penalty is imposed, if any one shall build without first obtaining such regulation.   And the fourth section provides, "that, if either party between whom such foundation or party-wall is to be made shall conceive themselves aggrieved by any order of said regulators," an appeal is given to the next Court of Common Pleas.

In the present case, the foundation wall of the building now complained of was regulated by the proper officer, in pursuance of the law. But it is contended that his decision was erroneous; that inasmuch as the building on the front of the lot had been first erected, and the plaintiff having erected his front building adjoining, and then made a recess of five feet, so as to admit light and air to his back building, the street regulator could not legally extend the line of the front building on the defendant's lot four and a half inches over upon the land of the plaintiff, so as to enable the defendant to erect a back building in part upon the plaintiff's lot, still further obstructing his lights,

and giving him the privilege of using said party-wall, a right which he never could avail himself of, and which is only a continued injury to him and the full enjoyment of his property.

This is a very important and interesting question for the city and county of Philadelphia, and on which I am not now disposed to express any opinion—whether the regulator was right or wrong in thus regulating the party-wall of the defendant's back building. If the plaintiff thought it was wrong, and he felt himself aggrieved, he should have appealed to the Court of Common Pleas, when the question would have come directly before the Court, and the rights of the parties been settled.

The question now for decision is this : The defendant having obtained the decision of a competent officer in his favour, on a point for his determination, and no appeal having been taken therefrom, when the plaintiff had this remedy, will this Court interfere by way of an injunction to stay the defendant from erecting a building in pursuance of what is *primâ facie* a right, even if the plaintiff should sustain an injury thereby ? On this point the Court have no difficulty. In our opinion, an injunction should not be granted. The plaintiff has not brought his case within any of the rules to be found in the books where Courts of Equity have interfered to prevent a lasting injury to the freehold, because all that the defendant has done is in pursuance of legal authority.

The parties submitted their rights and claims to a regulator, who was in the first instance empowered to decide upon them. In his determination both parties acquiesced, instead of appealing to a higher tribunal. Now, if I was thoroughly convinced that this decision was wrong, still a Court of Equity would not feel authorized to exercise its extraordinary power of injunction in a case like this ; where it would seem the plaintiff thought for a while the adjudication was correct ; when he took no appeal ; saw the defendant lay the foundation of his building, rear the brick work for two stories, and makes no complaint until the roof is about to be put on, and then seems to think he will be injured by the act.

A Court of Chancery never tolerates laches or negligence of rights in any one. To authorize a Court in granting an injunction, it must clearly appear that the injury complained of is illegal, and without the semblance of authority. But the plaintiff has shown no such case here, and therefore we must refuse to interfere by way of special injunction.

In addition to the reasons already given, why the present appli-

cation should be refused, it may be well to advert to what has already been decided by this Court. In the case of Perot *v.* Packer, 2 Ashm. 164, it was decided that on an appeal from the determination of the regulators, one verdict and judgment was conclusive of the rights of the parties, and that the only remedy was by an appeal within thirty days ; that the trial on such appeal settled the rights of all concerned ; and that the only remedy was that given by statute.

The motion, therefore, must be refused.(<em>a</em>)

---

(*a*) It was held in an anonymous case, in which no written opinion was given, that the Court would not grant an injunction, even where an appeal had been taken from the decision of the regulator, on notice to all parties; but they would suffer the appellee to proceed, at the hazard of ultimately having his building removed, in case the adjudication of the surveyor should be decided, on a final hearing of the cause, to be erroneous.